IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| EDDIE WAGNER MARTIN, JR., )<br>       Petitioner, )<br>)<br>v. )<br>)<br>RICK THALER, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>       Respondent. ) | Civil No. 7:07-CV-128-O |

MEMORANDUM OPINION AND ORDER

ON THIS DATE, came on to be considered the papers and pleadings filed in this action, and the Court finds and orders as follows:

Petitioner seeks to challenge the validity of his Wichita County conviction for the offense of first degree murder. Upon his plea of not guilty, Martin was tried by jury, found guilty and sentenced to sixty-years in prison. *Petition ¶¶ 1-6; State v. Martin*, No. 39,690-C (89th Judicial District Court of Wichita County, Texas). Martin's conviction was affirmed by the Second Court of Appeals on January 5, 2006. *Martin v. State*, No. 02-04-344-CR (Tex. App. – Ft. Worth 2006, pet ref'd). On July 26, 2006, his petition for discretionary review was refused by the Texas Court of Criminal Appeals. *Martin v. State*, No. PD-453-06 (Tex. Crim. App. July 26, 2006). Petitioner filed two state habeas applications attacking his murder conviction without success. *Ex Parte Martin*, No. WR-32,448-04 (Tex. Crim. App. 2006) and *Ex Parte Martin*, No. WR-32,448-05 (Tex. Crim. App. 2007). Petitioner filed the instant case on August 6, 2007. In support of his petition, Martin presents the following grounds for relief:

    1.    The trial court erred in denying him the right to self representation during his criminal trial;

    2.       The prosecutor failed to disclose evidence favorable to the defense;

    3.       He was denied the right to effective assistance of counsel;

    4.       The indictment against him was null and void for want of a valid predicate complaint, and;

    5.       His conviction was obtained by the prosecutor's deliberate use of perjured testimony.

*Petition ¶¶ 20.A-E.* Respondent argues that Martin is not entitled to relief on any of the grounds submitted.

The AEDPA provides in relevant part that:

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim --

    (1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

    (2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d) (West 2010).

Under the "contrary to" clause, a federal court may grant the writ of habeas corpus if the state court either arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court either unreasonably applies the correct legal rule to the facts of a particular case or unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend that

principle to a new context where it should apply. *Williams*, 529 U.S. at 407. The standard for determining whether a state court's application was unreasonable is an objective one, and applies to all federal habeas corpus petitions which, like the instant case, were filed after April 24, 1996, provided that they were adjudicated on the merits in state court. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). In the context of habeas corpus, "adjudicated on the merits" is a term of art referring to a state court's disposition of a case on *substantive* rather than *procedural* grounds. *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997).

Upon a finding of state court compliance with the "contrary to" clause of 28 U.S.C. § 2254(d)(1), federal courts give deference to the state court's findings unless such findings violate the "unreasonable application" clause of 28 U.S.C. § 2254(d)(2). *Chambers*, 218 F.3d at 363. The "unreasonable application" clause concerns only questions of fact. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The resolution of factual issues by the state court is afforded a presumption of correctness and will not be disturbed unless the habeas petitioner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 550 (1981). Absent such evidence, the presumption of correctness is applied provided that the state court findings are evidenced in writing, issued after a hearing on the merits, and are fairly supported by the record. *E.g., Burden v. Zant*, 498 U.S. 433, 436-37 (1991); *Williams v. Scott*, 35 F.3d 159, 161 (5th Cir. 1994); 28 U.S.C. § 2254(d).

In his first ground for relief, Petitioner alleges that the trial court judge wrongfully denied him the right to represent himself. *Petition ¶ 20.A*. Petitioner states that his waiver of the right to counsel and request to represent himself were denied by the trial judge due to Petitioner's lack of knowledge of the law. *Id.* Martin states that his first request for self-representation, which was

made five months prior to trial, was denied in a hearing held two months before trial, with the reason being that the judge felt he was "not sufficiently able to represent himself." *Petitioner's Memorandum of Law at p. 2.* Martin claims that his second request was denied four days before trial due to Martin's lack of legal training or expertise. *Id. at pp. 2-3.* Finally, Petitioner claims that the self-representation issue was revisited by the court immediately prior to trial and, with a jury standing in the hallway, the court held that Martin could represent himself but refused any delay or trial continuance. *Id. at p. 3.* Martin argues that this was a tactic undertaken by the trial judge to insulate her previous rulings from reversal on appeal and to manipulate him into accepting court-appointed counsel. *Id.*

Respondent disputes Petitioner's claim that he was denied his Sixth Amendment right to represent himself at trial. Respondent argues that Petitioner's waiver of counsel and request to represent himself was not clear and unequivocal and that Petitioner vacillated on the issue such that the trial court was justified in denying his request. *Respondent's Answer at pp. 7-8.*

In *Faretta v. California*, 422 U.S. 806, 807 (1975), the United States Supreme Court held that a criminal defendant has a constitutional right under the Sixth Amendment to represent himself at trial. However, "the demand to defend pro se [must] be stated unequivocally. *Chapman v. United States*, 553 F.2d 886, 892 (5th Cir. 1977). "In the absence of a clear and knowing election, a court should not quickly infer that a defendant unskilled in the law has waived counsel and has opted to conduct his own defense." *Brown v. Wainwright*, 665 F.2d 607, 610 (5th Cir. 1982) (citing *Brewer v. Williams*, 430 U.S. 387, 404 (1977) (courts must indulge every reasonable presumption against waiver of counsel) and *United States v. Mahar*, 550 F.2d 1005, 1009 (5th Cir. 1977) (right to proceed without fully independent counsel must be affirmatively requested and is more easily

waived than right to independent counsel)). Even where a criminal defendant has asserted his right to self-representation, that right may be waived pursuant to subsequent conduct which indicates that the defendant is vacillating on the issue of self-representation or when his subsequent conduct indicates that he has abandoned his request altogether. *Brown*, 665 F.2d at 611 (citing *Chapman*, 553 F.2d at 893 & n.12, *United States v. Bennett*, 539 F.2d 45 (10th Cir. 1976) and *United States v. Montgomery*, 529 F.2d 1404 (10th Cir. 1976)).

On direct appeal of his conviction, Petitioner raised the claim that he had been denied the right to represent himself at trial. Upon careful review of the trial court record, the appellate court found as follows:

> Although Appellant on several occasions purported to waive his right to an attorney and assert his right to represent himself, the record in this case indicates that at every hearing held in the trial court Appellant continued to vacillate regarding whether he desired to exercise his right to self-representation or accept representation by appointed counsel. At the March 20, 2003 hearing, Appellant stated he did not want to represent himself, he simply wanted substitute appointed counsel. At the May 13, 2004 hearing, Appellant initially stated he wanted to represent himself, but then told the court that he would "really rather have a lawyer." At the July 8, 2004 hearing, Appellant indicated he was unhappy with his current counsel because he had not contacted some witnesses. The court then discussed this complaint with Appellant and Mr. Allensworth and asked Appellant if he wanted to make any comments on the issue. Appellant responded that he did not; after his conversation with the court, Appellant did not re-assert his right to self-representation. At the pretrial hearing on July 12, 2004, Appellant expressly told the court that he wanted Mr. Allensworth to represent him.
>
> Having reviewed all the pretrial hearings, we conclude that Appellant's assertion of his right to self-representation was never clear and unequivocal. Even at the final hearing before trial, Appellant continued to vacillate in his desire to represent himself; the apparent purpose of Appellant's statements that he wished to represent himself seems to be that Appellant wanted substitute counsel, notwithstanding the fact that his current counsel was at least the fourth counsel appointed by the trial court in this case. Further, even when the trial court agreed to permit Appellant to represent himself, he declined to do so. In light of the context in which Appellant expressed his desire to represent himself, we cannot say that the trial court abused its discretion in initially denying his request, or in permitting counsel to represent Appellant at trial after Appellant declined to represent himself. We overrule Appellant's first point.

*Martin v. State*, No. 02-04-344-CR slip op at 17-19, 2006 WL 20405 at 6-7 (Tex. App. – Ft. Worth 2006, pet. ref'd).

Review of the trial record in Petitioner's case fully supports the findings of the appellate court. Although Martin asserted his right to self-representation on several occasions, his request was never stated clearly and unequivocally. Throughout each of the hearings conducted by the trial court on the matter, Martin vacillated on the issue of whether he wanted to proceed to trial *pro se*. *See* Reporter's Record Vol. 4, p. 5 (hereinafter "RR Vol. ___, p. ___." )(Petitioner insisting on his right to counsel when asked by the court if he wished to represent himself); RR Vol. 7, pp 14 & 22-23 (first stating that he wanted to represent himself, then stating he really did not want to represent himself and that he'd "really rather have a lawyer"); RR Vol. 9, pp. 43-48 (initially stating that he wanted to represent himself and revealing to the court that he was not happy with his attorney but, after the court's discussion regarding the issues, Petitioner had nothing more to say and the court denied his request for self-representation without objection); RR Vol. 10, pp. 26-27 (stating that he wanted his attorney after the court had granted his request for self-representation). Because Martin vacillated on the issue of self representation and because his request was never stated clearly and unequivocally, the trial court's denial of his request was not constitutionally infirm. Martin is not entitled to habeas relief on this issue.

In his second ground for relief, Martin alleges that prosecutor Gillespie failed to disclose evidence favorable to the defense in violation of the Supreme Court's holding in *Brady v. Maryland*, 373 U.S. 83 (1963). Specifically, Petitioner claims that Gillespie failed to reveal a statement made to him by a key witness, Marshall Fleeks, that Fleeks did not witness the shooting as alleged in the affidavit that was submitted in support of the arrest warrant. *Petitioner's Memorandum of Law at*

*pp. 4-5.* Fleeks also allegedly told the prosecutor that "'them girls' did not witness the shooting because they were hiding on the other side of the bed that he, Mr. Fleeks, was in." *Id. at p. 5.* Petitioner states that Gillespie later withdrew as the prosecutor in his case.

Petitioner further alleges that prosecutors failed to reveal agreements made with witnesses in exchange for their testimony. *Id. at p. 6.* He claims to be aware of two such agreements. Martin states that Ms. Cook's father told him that Ms. Cook made a deal with the prosecutor to testify at his trial. *Id.* Martin further alleges that his own attorney, Mr. Allensworth, represented another witness against him, Mr. Denson, and negotiated a deal for Mr. Denson to testify against Martin in exchange for a shorter prison sentence. *Id.*

Respondent disputes Petitioner's claims of *Brady* violations and argues that Petitioner's claims are either conclusory and unsupported by any evidence, or contradicted by the record in Petitioner's criminal case. *Respondent's Answer at pp. 10-12.*

It is well established that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 86. To establish a *Brady* violation, a petitioner must demonstrate that (1) the prosecution suppressed or withheld evidence that (2) was favorable to the defendant and (3) material to guilt or punishment. *Brady*, 373 U.S. at 87; *East v. Johnson*, 123 F.3d 235, 237 (5th Cir. 1997); *Allridge v. Scott*, 41 F.3d 213, 217 (5th Cir. 1994). Evidence is material "only where there exists a 'reasonable probability' that had the evidence been disclosed the result at trial would have been different." *Felder v. Johnson*, 180 F.3d 206, 212 (5th Cir. 1999) (quoting *Wood v. Bartholomew*, 516 U.S. 1, 5 (1995)). A "reasonable probability" is a probability sufficient to undermine

confidence in the outcome of the trial. *United States v. Bagley*, 473 U.S. 667, 682 (1985); *Martin v. Cain*, 246 F.3d 471 (5th Cir. 2001).

Petitioner cannot succeed on his ground for relief involving Marshall Fleeks. If there was a false statement submitted in an affidavit in support of an arrest warrant, the issue goes to the validity of the arrest, not to the validity of Petitioner's subsequent conviction. Review of the record reflects that Marshall Fleeks did not testify at Petitioner's trial and Petitioner has given no indication as to how the alleged false arrest warrant affidavit was material to the finding of guilt or the punishment in his criminal trial. Martin's conclusory allegation regarding Fleeks' alleged statement to the prosecutor is insufficient to present a colorable ground for relief. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

Similarly, Fleeks' alleged statement that "them girls did not witness the shooting" is vague and conclusory at best. In his answers to the Court's questions, Petitioner identifies three women who apparently gave statements to police but whom he claims were not eyewitnesses to the shooting; Ms. D. Pruitt, Sherry Fleeks and Tonya Smith. *Petitioner's Answer to the Court's Question No. 5.* The Record reflects that Demetera Pruitt testified at Petitioner's trial as an eyewitness to the shooting. RR Vol. 12 pp. 83-138. Sherry Fleeks and Tonya Smith did not testify at trial. RR Vol. 1 pp. 1-11. With regard to these three individuals, assuming they are the girls allegedly referred to by Fleeks, Petitioner has failed to demonstrate that the prosecution suppressed or withheld evidence favorable to the defense that was material to guilt or punishment. Petitioner's conclusory allegation is insufficient to raise a constitutional issue.

Petitioner next claims that the prosecution failed to disclose that Ms. Cook made a deal with the prosecutor to testify at his trial. *Petitioner's Memorandum of Law at p. 6.* Petitioner claims that Ms. Cook's father told him about the deal. *Id.* Shastevia Cook testified at Martin's trial as an eyewitness to the shooting. RR Vol. 12, pp. 152-170. She testified at trial that she had not been promised anything by the prosecutor or anyone else in exchange for her testimony. RR Vol. 12, p. 160. She also testified that she had given a statement to police. *Id.* There is nothing in the record of this case to indicate that Cook's trial testimony was any different than her statement to police. Petitioner's bald allegation that Cook made a deal with prosecutors, which is not supported by anything in the record, is insufficient to raise a constitutional claim in a habeas proceeding.

In his final *Brady* claim, Martin alleges that his own attorney, Mr. Allensworth, represented another witness against him, Mr. Denson, and negotiated a deal for Mr. Denson to testify against Martin in exchange for a shorter prison sentence. *Petitioner's Memorandum of Law at p. 6.* The record reflects that Denson had numerous prior convictions. RR Vol. 13, pp. 121-123. However, the record is devoid of any indication that Denson had current charges pending or was serving a sentence at the time of trial. Furthermore, there is no indication from the record that Denson made a deal with prosecutors in exchange for his testimony and Petitioner has presented no evidence of any such deal. Petitioner's claim that he "is aware of a deal between Mr. D. Denson and prosecutors," is conclusory and, as such, presents no viable ground for habeas relief. *See Petitioner's Answer to the Court's Question No. 6.* "Although *pro se* habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (quoting *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

Petitioner next claims that he was denied the right to effective assistance of counsel at trial. Specifically, Martin claims that counsel failed to investigate, failed to interview and subpoena witnesses, failed to put on any type of defense and represented at least one of the state's witnesses which created a conflict of interest. *Petition ¶ 20.C.*

The Sixth Amendment of the United States Constitution guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to obtain habeas relief on a claim of ineffective assistance of counsel, the petitioner must prove (1) that his counsel's performance was deficient and (2) that it prejudiced the defendant. *Id.* To dispose of an ineffective assistance claim, a federal habeas court need not address both prongs of the *Strickland* standard. *Strickland*, 466 U.S. at 700; *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Failure to establish either requirement necessarily defeats the claim. *Strickland*, 466 U.S. at 697; *Smith v. Puckett*, 907 F.2d 581, 584 (5th Cir. 1990).

In measuring whether counsel's representation was deficient, a petitioner must show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997). "It is well settled that effective assistance is not equivalent to errorless counsel or counsel judged ineffectively by hindsight." *Tijerina v. Estelle*, 692 F.2d 3, 7 (5th Cir. 1982). A court reviewing an ineffectiveness claim must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional competence or that, under the circumstances, the challenged action might be considered sound trial strategy. *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993); *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992).

In order to satisfy the second prong of the *Strickland* test, the petitioner must show that counsel's errors were so egregious as to deprive the defendant of a fair trial whose result is reliable. *Strickland*, 466 U.S. at 687. The test to establish whether there was prejudice is whether "there is a reasonable probability that, but for the counsel's unprofessional errors, the trial would have been different." *Id.* at 694. A reasonable probability is "probability sufficient to undermine confidence in the outcome." *Id.* It is not enough for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill v. Lockhart*, 474 U.S. 52, 59-61 (1985); *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir. 1988).

Plaintiff first claims that counsel failed to investigate the case, prepare a defense or call witnesses that were requested by Petitioner. *Petitioner's Memorandum of Law at p. 9.* Specifically, Petitioner claims that counsel failed to make the prosecutor reveal agreements made with key witnesses, failed to utilize the court appointed investigator and failed to interview and subpoena three witnesses requested by Petitioner, Marshall Fleeks, Danny Barnes and the owner of the Falls Motel, where the shooting took place. *Plaintiff's Answers to the Court's Questions No. 8 & 9.* Martin claims that Fleeks would have testified as to the false statement that he was an eyewitness which was allegedly set forth in an arrest warrant affidavit, and that he could have testified that he and others entered the scene of the crime before police arrived thereby tainting the evidence. *Id. at No. 9.* Martin claims that the owner of the Falls Motel could have testified that Fleeks and others entered the scene of the crime before police arrived thereby tainting the evidence and that Barnes would have testified as to the illegal seizure of evidence from the scene of the crime by Fleeks and others prior to the arrival of police. *Id.*

As discussed earlier, there is no indication from the record that the prosecution made any deals with witnesses. Therefore, counsel's failure to uncover any such deals cannot be deemed ineffective. Petitioner's complaint that counsel failed to investigate centers around his allegation that counsel failed to interview and subpoena three witnesses, Marshall Fleeks, Danny Barnes and the owner of the Falls Hotel.

Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness would have testified are largely speculative. *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). Where the only evidence of a missing witness's testimony is provided by the habeas petitioner, federal courts view his claims with great caution. *Id.* (citing *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985)). A meritorious claim of uncalled witnesses requires that a habeas petitioner show not only that the testimony would have been favorable, but also that the witness would have so testified during the proceeding. *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985).

Martin has failed to meet these standards. He has not shown how the alleged false affidavit could have had any effect on the result of his trial and he has not shown how the crime scene was allegedly tainted or what, if any, effect that evidence could have had on the outcome of his trial. In other words, Martin has not shown that testimony from Fleeks, Barnes or the motel owner would have been favorable (i.e. - relevant to his conviction or sentence). Moreover, he has not shown that these individuals would actually have testified. All Petitioner has provided is speculation that the testimony of these witnesses would have resulted in an acquittal. *Petitioner's Answer to the Court's Question No. 11.* Speculation such as this is insufficient to raise a constitutional issue in a habeas corpus proceeding. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

Next, Petitioner claims counsel was ineffective due to a conflict of interest because counsel represented an adverse witness, Mr. Denson, in Denson's criminal case and negotiated a lesser sentence for Denson in exchange for his testimony against Petitioner. Martin cannot prevail on this ground for relief. Once again, his conclusory allegation of wrongdoing by counsel is insufficient to show ineffectiveness under the *Strickland* standard. There is nothing in the record of this case and Martin has failed to provide the Court with anything, other than his own conclusory allegation, to demonstrate that counsel represented Denson and was therefore laboring under a conflict of interest. Martin has failed to demonstrate that, but for the alleged ineffectiveness of counsel, the result of his trial would have been different. Because Martin has failed to satisfy either prong of the *Strickland* test, he cannot prevail on his ineffective assistance claim.

In his fourth ground for habeas relief, Petitioner claims that the indictment against him was null and void for want of a valid predicate complaint. *Petition ¶ 20.D.* Martin alleges that an affidavit in support of his arrest warrant, which falsely stated that Marshall Fleeks was an eyewitness to the shooting, was presented to the Grand Jury as evidence in support of an indictment. *Petitioner's Memorandum at pp. 11-13.*

It is well settled that "[t]he sufficiency of a state indictment is not a matter for federal habeas corpus relief unless it can be shown that the indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citing *Branch v. Estelle*, 631 F.2d 1229 (5th Cir. 1980)); *see also Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988); *Uresti v. Lynaugh*, 821 F.2d 1099, 1102 (5th Cir. 1987). An indictment is fatally defective in the context of a § 2254 proceeding only if no circumstances could exist under which a valid conviction could result from facts provable under the indictment; state law provides the reference point for determining

-13-

whether an indictment is sufficient. *Morlett*, 851 F.2d at 1523; *Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir. 1983). When the question of sufficiency of an indictment has been presented to the state's highest court of appeals, consideration of the question is foreclosed in federal habeas corpus proceedings. *McKay*, 12 F.3d at 68-69; *Morlett*, 851 F.2d at 1523; *Alexander*, 775 F.2d at 599.

The Texas Court of Criminal Appeals is the highest court in the state which has jurisdiction to review a petitioner's conviction. *Tex. Code Crim. Proc. Ann. art. 4.04 (West 2007).* The record reflects that, in his state habeas application, Martin raised the claim that the indictment was null and void as a result of the falsified Fleeks affidavit. *Ex parte Martin,* No. WR-32,448-05 at p. 8. The Court of Criminal Appeals denied the application without written order, thereby, rejecting his claim. By refusing to grant habeas relief, the Texas Court of Criminal Appeals necessarily, though not expressly, held that the trial court had jurisdiction and that Martin's indictment was sufficient for that purpose. *See Alexander v. McCotter*, 775 F.2d at 599; *Smith v. McCotter*, 786 F.2d 697, 702 n.3 (5th Cir. 1986). Therefore, Petitioner is not entitled to habeas relief on this ground.

In his final ground for habeas relief, Martin claims that his conviction was obtained by the prosecutor's deliberate use of perjured testimony. *Petition ¶ 20.E.* Demetera Pruitt testified at Petitioner's trial as an eyewitness to the shooting. RR Vol. 12, pp. 83-138. Petitioner claims that Marshall Fleeks told the first prosecutor, Mr. Gillespie, that "them girls" did not witness the shooting. *Petitioner's Memorandum at pp. 13-14.* Martin claims that Demetra Pruitt is one of "them girls" and, therefore, the prosecution knowingly allowed her false testimony. *Id.* Martin also claims that Detective Greg Burt provided false testimony at a pretrial suppression hearing when he testified about the seizing of evidence and as to who was the lead detective on the criminal investigation. *Petition ¶ 20.E.* Martin claims that Burt lied when he testified that he had obtained

-14-

a search warrant prior to the search of Petitioner's hotel room. *Petitioner's Answer to the Court's Question No. 15*.

To demonstrate a due process violation with regard to a prosecutor's use of perjured testimony, a habeas petitioner "must show that the prosecution knowingly presented materially false evidence to the jury." *United States v. Martinez-Mercado*, 888 F.2d 1484, 1492 (5th Cir. 1989). A criminal defendant is denied due process when the state knowingly uses perjured testimony at trial or allows untrue testimony to go uncorrected. *Giglio v. United States*, 405 U.S. 150 (1972); *Napue v. People of State of Illinois*, 360 U.S. 264 (1959); *Faulder v. Johnson*, 81 F.3d 515, 519 (5th Cir. 1996). To obtain relief, habeas petitioner must show that (1) the testimony was actually false, (2) the state knew it was false and (3) the testimony was material. *Kirkpatrick v. Whitley*, 992 F.2d 491, 497 (5th Cir. 1993).

Here, Petitioner has failed to meet his burden. He has not shown that the testimony of Pruitt and Burt was actually false, that the state knew it was false or that the testimony was material. Martin's conclusory allegations, unsupported by anything else in the record, are insufficient to warrant habeas relief. *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Martin argues that he is not making conclusory allegations, rather, he is stating facts. *Petitioner's Reply to Respondent's Answer at p. 7*. In support of this argument he cites the fact that the state has failed to produce an affidavit from the first prosecutor, Mr. Gillespie, stating that the interview with Marshall Fleeks never took place. *Id.* This is an accurate statement. However, the state is not required to produce evidence to rebut Petitioner's conclusory allegations. Rather, the burden is on Petitioner to show that he is entitled to habeas relief. Martin has not made the requisite showing.

Upon review of the papers, pleadings and records in this case, the Court finds that Petitioner has failed to establish that the state court's adjudication of his grounds for habeas relief resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C.A. § 2254(d) (West 2007). Petitioner has further failed to demonstrate that the state court's decision was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000).

For the foregoing reasons, the petition for writ of habeas corpus is DENIED.

Copies of this order shall be transmitted to Petitioner and to Counsel for Respondent.

SO ORDERED this 24th day of February, 2010.

*[signature]*
**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**